UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DEANDRE KENQUIZE MADDOX, ) | CASE NO. 1:11 CV 2032 |
| Petitioner, ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| ROBERT FARLEY, ) | |
| Respondent. ) | |

Before the court is *pro se* petitioner DeAndre Kenqize Maddox's above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Maddox was incarcerated at Federal Correctional Institute at Elkton (F.C.I. Elkton) in Lisbon, Ohio when he brought this action against F.C.I. Elkton Warden Robert L. Farley.[1] Maddox maintains that he is actually innocent of aggravated identity theft, despite having plead guilty to the charge. He seeks immediate release.

*Background*

On November 5, 2008, Maddox was named in a 12 count indictment filed in the United States District Court for the Northern District of Georgia. *United States v. Maddox*, No. 1:08-CR-

---

[1] According to the Federal Bureau of Prisons' Inmate Locator Website, Maddox is now in the Correctional Center Metropolitan (CCM) Atlanta in Georgia. He is scheduled for release on July 17, 2012.

0444 (N.D. Ga. 2008). Maddox was charged with fraud by wire, radio or television in violation of 18 U.S.C. §§1341& 1342 (Counts 1-10) and fraud with identification documents in violation of 18 U.S.C. §1028A(a)(1)(Counts 11 -12). On February 11, 2009, pursuant to a Rule 11 plea agreement, Maddox pleaded guilty to all 12 counts in the indictment. On June 30, 2009, he was sentenced to 27 months imprisonment for mail and wire fraud, as well as a consecutive sentence of 24 months imprisonment for aggravated identity theft. The court also imposed $168,686.31 in restitution to Dell Computers and a $1,200 special assessment. Maddox did not appeal his conviction.

On June 10, 2010, Maddox filed a Motion to Vacate/Set Aside his conviction pursuant to 28 U.S.C. § 2255. *Id*. (Doc. No. 30). Maddox claimed he received ineffective assistance of counsel because his attorney allegedly advised him, before entering a plea, that: (1) the two counts of aggravated identity theft would be dismissed; (2) his sentence for the two counts of aggravated identity theft would run concurrently to the sentence for the ten counts of fraud; and (3) he would not have to pay restitution. On November 10, 2010, Judge Richard Story denied the Motion finding that Maddox's claim of ineffective assistance of counsel was "not reasonably debatable." *Id*. (Doc. No. 30). A Certificate of Appealability was denied.

Maddox filed a second Motion to Vacate his sentence, pursuant to 28 U.S.C. §2255, on September 12, 2011. *Id*. (Doc. No. 42). Relying on the United States Supreme Court's decision in *Flores-Figueroa v. United States*, 556 U.S. 646 (2009),[2] he argued *inter alia* he did not knowingly

---

[2] In *Flores-Figueroa*, the Court held that in order to convict a defendant of aggravated identity theft for "knowingly transfer[ring], possess[ing], or us[ing], without lawful authority, a means of identification of another person," the government must prove that the defendant knew that the "means of identification" he or she unlawfully transferred, possessed, or used did, in fact, belong to another person. *Id*. at 647-49 (abrogating *United States v. Mendoza–Gonzalez*, 520 F.3d 912 (8th Cir.
(continued...)

enter his guilty plea because he did not know he used another person's identity at the time. He asserted the government failed to prove he knowingly used the identification of a real person and was, thus, actually innocent of aggravated theft. Adopting the Magistrate's Report and Recommendation, Judge Story dismissed the Motion as successive and denied a Certificate of Appealability.

On appeal to the Eleventh Circuit, Maddox sought leave to file a second or successive petition. *In re: Maddox,* No. 11-14696 (11th Cir. filed Oct. 11, 2011). The Eleventh Circuit determined Maddox failed to make a *prima facie* showing that grounds existed, under 28 U.S.C. §2255(h), to grant him leave to file a second motion. The appeals court denied authorization on November 4, 2011.

Maddox now seeks an Order from this Court setting aside his conviction for aggravated identity theft in light of the Supreme Court's decision in *Flores-Figueroa*. He claims the *Flores-Figueroa* Court created a new rule of substantive criminal law that applies retroactively to final convictions. To support his argument, Maddox relies significantly on *United States v. Venancio-Dominguez*, 660 F. Supp.2d 717 (E.D. Va. 2009),[3] a decision from the United States District Court

---

[2](...continued)
2008), *United States v. Hurtado*, 508 F.3d 603 (11th Cir. 2007), and *United States v. Montejo*, 442 F.3d 213 (4th Cir. 2006)).

[3]

The defendant in *Venancio-Dominguez* filed a motion for re-sentencing in the trial court pursuant 18 U.S.C. § 3582(c)(1)(A), requiring the government prove he knew the identification he possessed belonged to another individual. Considering the nature of the defendant's request, the fact that he had not filed any prior §2255, and filed his pleading within one year from the date *Flores-Figueroa* was decided, the court determined it was best to construe the pleading as Motion to Vacate pursuant to §2255.

3

for the Eastern District of Virginia, which held that *Flores-Figueroa* was a new rule of substantive law that applied retroactively to a final conviction. Based on this application, the *Venancio-Dominguez* court determined that the Court decision rendered the defendant actually innocent and vacated his conviction for aggravated theft. *Id*.

Maddox argues that, like the defendant in *Venancio-Dominguez*, he, too, is actually innocent of aggravated identity theft. Now that he is barred from filing an appeal and has been denied leave to file a second 28 U.S.C. § 2255 motion, Maddox claims he is entitled to habeas relief from this Court under §2255's safety valve provision because he is actually innocent.

### *Initial Review*

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the petition are taken as true and liberally construed in petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). As Maddox is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir.2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir.1999). For the reasons set forth below, however, the petition lacks merit.

### *28 U.S.C. § 2241*

This Court may grant a writ of habeas corpus within its respective jurisdiction. *See* 28 U.S.C. §2241(a). Because this Court had personal jurisdiction over Maddox's custodian, respondent Farley, at the time the petition was filed it was properly filed in this Court. *See Cohen v. United States*, 593 F.2d 766, 767 n. 2 (6th Cir. 1979)(prisoner transfer does not affect district court's subject matter jurisdiction over federal habeas petition).

A federal prisoner seeking to challenge his conviction or the imposition of his sentence,

4

however, is mandated to file a request for relief in the sentencing court under 28 U.S.C. § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996);*Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). The statute dictates that no court, other than the sentencing court, shall entertain any request for such relief "unless it also appears that the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). This safety valve provision allows a federal prisoner to bring a habeas claim, pursuant to 28 U.S.C. § 2241, challenging his conviction or the imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997). The remedy afforded under § 2241 is not, however, an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166.

*Remedy not Inadequate or Ineffective*

To establish that a prisoner's remedy under § 2255 is inadequate or ineffective requires more than a declaration that the individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). A prisoner's § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

5

Maddox has not established that his remedy under §2255 is inadequate or ineffective. Unlike the defendant in *Venancia-Dominguez*, and every other case he cites in support of his entitlement to §2241 relief, Maddox had a remedy when the Supreme Court decided *Flores-Figueroa* in 2009.

The record shows Maddox filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255 on June 10, 2010, within the requisite one year period from the date of his conviction. 28 U.S.C. § 2255(f)(1). While he appealed to the Eleventh Circuit to file a second motion under *Flores-Figueroa* on October 11, 2011, the Court of Appeals denied the request. The court determined there was no newly discovered evidence or new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. §2255(h). The Court of Appeals noted in its opinion that *Flores-Figueroa* was decided in May 2009, clearly in advance of the first Motion to Vacate Maddox filed in June 2010.

By statute, prisoners have a one year deadline to file a §2255 motion starting from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. §2255(f)(3). Therefore, even if this Court determined *Flores-Figueroa* should be applied retroactively, Maddox had one year from the date of that decision, May 4, 2009, to file a 28 U.S.C. § 2255 motion. The Supreme Court has clarified that the one-year limitation period for filing motion to vacate, based on a right that was newly recognized by the Court, runs from the date on which the Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. *Dodd v. United States*, 545 U.S. 353, 358 (2005)(abrogating *Pryor v. United States*, 278 F.3d 612 (6th Cir. 2002), and *United States v. Valdez*, 195 F.3d 544 (9th Cir. 1999)). Therefore, Maddox cannot argue that he relied on *Venancio-*

*Dominguez* as the starting of his deadline.

For reasons he does not explain, Maddox filed his first Motion to Vacate over 11 months after the Supreme Court decided *Flores-Figueroa*. The fact that he missed the deadline and was denied leave to file a second or successive petition does not, as stated above, render his §2255 remedy inadequate or ineffective. *See United States v. Barrett*, 178 F.3d 34, 53 (1st Cir.1999), *cert. denied*, 528 U.S. 1176 (2000) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.") The safety valve provision is reserved for those prisoners who have already filed §2255 motions in advance of a Supreme Court decision that resulted in a new rule of substantive law made retroactive to "convictions that are already final." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004),[4] and need a vehicle to timely argue their actual innocence claim before a district court.

To the extent Maddox had the opportunity to timely challenge his conviction based on actual innocence in light of *Flores-Figueroa*, but failed to timely file a motion to vacate, this Court cannot grant habeas relief. Accordingly, Maddox is not entitled to pursue his claim under 28 U.S.C. § 2241.

---

[4] After the Supreme Court decided *Bailey*, some prisoners who pleaded guilty to "using" a firearm during a drug crime or violent crime found themselves innocent when the Supreme Court subsequently defined "use" in a restrictive manner. *Bailey v. United States*, 516 U.S. 137, 116 (1995); *see* 18 U.S.C. § 924(c)(1). These prisoners, who could not establish their innocence before *Bailey*, were barred from § 2255 relief after *Bailey* because successive § 2255 petitions are limited to newly discovered evidence or a new and retroactive rule of constitutional law. *See* 28 U.S.C. § 2255; *In re Davenport*, 147 F.3d 605 (7th Cir.1998); *Triestman v. United States*, 124 F.3d 361 (2d Cir.1997); *In re Dorsainvil*, 119 F.3d 245 (3d Cir.1997). In *Bousley v. United States*, 523 U.S. 614, 623-24 (1998), the Court held that in a § 2255 case that the failure to raise a *Bailey* claim on direct review could be overcome on collateral review by a showing of "actual innocence." As noted in *Dodd*, the Supreme Court has since decided that the trigger date for requesting relief is one year from the date the Court recognizes the right asserted.

*Conclusion*

Based on the foregoing, Maddox' petition is DISMISSED pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

       IT IS SO ORDERED.


Date: April 30, 2012                                   */s/ John R. Adams*
                                                                                JOHN R. ADAMS
                                                                                UNITED STATES DISTRICT JUDGE